BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
THOMAS R. JOHNSON, OSB No. 010645
tom.johnson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
ALEX VAN RYSSELBERGHE, OSB No. 174836
alex.vanrysselberghe@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIA IVANOVA, an Individual,<br><br>      Plaintiff,<br><br>  v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>      Defendant. | Case No.: 3:24-cv-01254-AB<br><br>**DECLARATION OF SOPHIE SHADDY-FARNSWORTH IN SUPPORT OF DEFENDANT OREGON HEALTH AND SCIENCE UNIVERSITY'S REPLY TO MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT AND/OR PARTIAL MOTION TO DISMISS** |

I, Sophie Shaddy-Farnsworth, do hereby declare and say:

1.      I am an attorney licensed to practice law in the state of Oregon and one of the

attorneys representing Defendant Oregon Health and Science University ("OHSU") in the above-

captioned litigation. I make this Declaration based on my own personal knowledge.

Page 1 –DECLARATION OF SOPHIE SHADDY-FARNSWORTH ISO DEFENDANT'S
      REPLY TO MOTION TO STRIKE AND/OR PARTIAL MOTION TO DISMISS

2.      OHSU filed its Motion on November 19, 2024.  (Dkt. 17.)  That afternoon, and within an hour of learning that my office would be seeking an order to show cause and sanctions against Plaintiff's counsel for similar misconduct in another case pending before the Court (*Matthews v. Legacy Health*, No. 6:24-cv-00592-MC), Plaintiff's counsel sent an email containing proposed drafts of a second amended complaint in this case ("Proposed SAC") and another pending case, *Thomas v. OHSU*, No. 3:24-cv-01098-SB—providing insufficient time for thorough review and conferral.

3.      Later that week, OHSU counsel reviewed the Proposed SAC and noted that it still did not comport with the parties' agreement.  Specifically, although counsel removed most of the allegations in the FAC related to the dismissed claims for wrongful termination (FAC ¶ 24.1), wrongful reduction in pay (FAC ¶ 13), and disparate treatment and/or disparate impact (FAC ¶¶ 9-11, 24.2, 24.3), as well as allegations referencing unlawful access of vaccine records (FAC ¶ 13) and an employer "being on notice" of potential class claims when it receives a single EEOC complaint (FAC ¶¶ 3-4), the Proposed SAC still contained allegations referencing Plaintiff's dismissed state law claims under ORS 659A.030 (Proposed SAC ¶ 27.5), claims for retaliation (Proposed SAC ¶ 10) and claims for disparate treatment/disparate impact (Proposed SAC ¶ 27.5).  On November 25, 2024, I sent Plaintiff's counsel a redlined copy of the Proposed SAC reflecting the additional changes needed and requested that Plaintiff's counsel send me a final, clean version of the Proposed SAC for review and approval before filing to avoid further burdening the Court.  (A copy of the relevant emails and the attachments (including the Proposed SAC and OHSU's redlines to the Proposed SAC) is attached as **Exhibit 1**.)

4.      On November 27, 2024, Plaintiff's counsel sent me a clean and revised copy of the Proposed SAC and OHSU's counsel approved the Proposed SAC for filing.  On December 2,

Page 2 –DECLARATION OF SOPHIE SHADDY-FARNSWORTH ISO DEFENDANT'S REPLY TO MOTION TO STRIKE AND/OR PARTIAL MOTION TO DISMISS

127063390.2 0027345-00131

2024, Plaintiff's counsel filed the SAC (Dkt. 19); however, counsel's submission did not comply with Federal Rule of Civil Procedure 15, as Plaintiff neither sought the Court's leave nor indicated that OHSU consented to the filing of the SAC.  *See* FRCP 15(a)(1)-(2) ("A party may amend its pleading once as a matter of course," and any additional amendments require "the opposing party's written consent or the court's leave.").

5.     Plaintiff's deadline to respond to OHSU's Motion was December 3, 2024. Plaintiff filed her Response on December 3, but did not enter the transaction into CM/ECF until 12:09 a.m. on December 4.  (*See* Dkt. 20; a copy of the Notice of Electronic Filing sent to defense counsel is attached as **Exhibit 2**.)  Later that day, the Court issued an order striking the SAC for failure to comply with Rule 15(a)(2) and *sua sponte* granting Plaintiff "a one-day extension of time to file her response to Defendant's pending motion to dismiss and/or strike, and accepts the response filed on December 4, 2024, as timely." (Dkt. 21.)

6.     Shortly thereafter, Plaintiff's counsel contacted me and requested that OHSU prepare and file a Notice of Consent to the SAC.  OHSU counsel told Plaintiff's counsel that it was Plaintiff's obligation to correct any deficiencies with her filing and declined to fix counsel's pleading for them.  Plaintiff then sent me a draft pleading titled "Joint Notice of Defendant's Consent to Filing of the SAC," which included a sentence asserting that "[b]ecause the parties have reached an agreement, the Motion to Strike and Dismiss is now moot."  I responded to Plaintiff's counsel and explained that OHSU did not agree to a joint filing with Plaintiff but that Plaintiff's counsel may represent to the Court that the parties have conferred about the SAC and OHSU consents to it.  I also informed Plaintiff's counsel that OHSU disagreed with their assertion in the draft Joint Notice that OHSU's consent to the filing of the SAC moots its Motion.  (A copy of the relevant emails and the attachments is attached as **Exhibit 3**.)

7.      On December 5, without requesting an extension of time or otherwise obtaining leave of court, Plaintiff untimely filed an "Amended Response" to OHSU's Motion (Dkt. 22), raising entirely new issues and legal arguments that were not raised in the original Response (Dkt. 20).  To date, Plaintiff's counsel continues to refuse to prepare and file an operative pleading that accurately reflects the parties' agreement and does not contain frivolous claims and immaterial allegations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  December 27, 2024.

_____/s/ Sophie Shaddy-Farnsworth_____
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
Attorney for Defendant Oregon Health and Science
University

## Dern, Debbie L.

| | |
|---|---|
| **From:** | Paul Janzen <paul@ruggedlaw.com> |
| **Sent:** | Tuesday, November 19, 2024 2:45 PM |
| **To:** | Shaddy-Farnsworth, Sophie; Caroline Janzen |
| **Cc:** | Baumgart, Brenda K.; Johnson, Tom R.; Dern, Debbie L.; Sarah Vowles |
| **Subject:** | RE: Ivanova/OHSU & Thomas/OHSU - proposed amended complaints |
| **Attachments:** | Ivanova 2nd Amended Complaint - Final redline PRAJ.docx; Thomas 2nd Amended Complaint for Damages PRAJ.docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I believe these new updated amended complaints address the concerns you have outlined in your email. Please advise if they are sufficient and I will get them filed.

Sincerely,

Paul Janzen

Attorney at Law, OR Bar #176240

Rugged Law, Inc.
Paul Robert Armstrong Janzen, Esq.
503-520-9900
4550 SW Hall Blvd, Beaverton, OR 97005

This message may contain information protected by the attorney-client privilege. If you have received this message in error, please notify the sender and delete it immediately.

---

**From:** Shaddy-Farnsworth, Sophie <sophie.shaddy-farnsworth@stoel.com>
**Sent:** Tuesday, November 12, 2024 1:10 PM
**To:** Caroline Janzen <caroline@ruggedlaw.com>; Paul Janzen <paul@ruggedlaw.com>
**Cc:** Baumgart, Brenda K. <brenda.baumgart@stoel.com>; Johnson, Tom R. <tom.johnson@stoel.com>; Dern, Debbie L. <debbie.dern@stoel.com>
**Subject:** Ivanova/OHSU & Thomas/OHSU - proposed amended complaints

Hi Caroline and Paul,

I'm following up regarding the proposed amended complaints in Ivanova and Thomas.  Attached are the redline complaints you sent on Friday, along with some of our previous correspondence on this issue, which impacts numerous pending cases against OHSU.  In short, the parties agreed that Plaintiffs would dismiss all state law claims and non-failure-to-accommodate claims in COVID-19 vaccine cases against OHSU, to the extent other claims had been asserted.  The non-failure-to-accommodate claims included a variety of theories that varied slightly depending on the case, such as hostile work environment, disparate treatment, disparate impact, pattern and practice discrimination, and wrongful reduction in pay.

EXHIBIT 1
Page 1 of 37

To memorialize dismissal of these claims, a second amended complaint needs to be filed. However, the draft and filed amended complaints you have sent us to date do not delete the allegations concerning the now-dismissed claims. Instead, they contain new allegations and continue to reference theories that Plaintiff has agreed to dismiss. This creates significant confusion for the parties (given that the complaint frames the issues for both discovery and trial) and leads to unnecessary and protracted motions practice, which we do not believe is an efficient use of the Court's resources. We have conferred about this during several phone calls over the past few weeks. I have made a list of the issues regarding these two complaints (Ivanova and Thomas) below.

During our call on Friday, you agreed to file second amended complaints removing new allegations that were not included in the original complaints by no later than Thursday, November 14. We can confer again, but we will not redline the complaints. As the complaints currently stand, we will file motions to dismiss. Our current deadline to respond to the first amended complaints is next Tuesday, November 19. Please let us know if you intend to file second amended complaints in these cases by tomorrow.

Thanks,

Sophie

Ivanova

- Paragraphs 3 and 4 – asserts allegations regarding an employer being "on notice of claims that could impact an entire group of employees" when it receives an individual's EEOC complaint, which does not appear relevant to this single-plaintiff case where Plaintiff (as alleged in paragraph 2) did, in fact, file an EEOC complaint.
- Paragraphs 9-11 – reference disparate treatment claim that is no longer being asserted.
- Paragraph 13 – references wrongful reduction in pay claim that is no longer being asserted.
- Paragraph 14 – references retaliation claim that is no longer being asserted and allegedly unlawful access to vaccine records.
- Paragraph 31.1 – continues to assert "wrongful termination" (disparate treatment) claim and includes new allegations regarding animus toward "Plaintiff's religious beliefs and practices..."
- 31.2 – asserts allegations regarding denial of exception requests "based on content and viewpoint" which is which is not relevant to a failure-to-accommodate claim. Also asserts allegations related to disparate treatment.
- 31.3 – same as 31.2.
- 31.7 – asserts allegation regarding animus and similarly situated employees, which is not relevant to a failure-to-accommodate claim.
- 31.9 – asserts allegations regarding animus.


Thomas

- Paragraphs 3 and 4 – asserts allegations regarding an employer being "on notice of claims that could impact an entire group of employees" when it receives an individual's EEOC complaint, which does not appear relevant to this single-plaintiff case where Plaintiff (as alleged in paragraph 2) did, in fact, file an EEOC complaint
- Paragraphs 9-11 – reference disparate treatment claim that is no longer being asserted
- Paragraph 13 – references wrongful reduction in pay claim that is no longer being asserted
- Paragraph 14 – references retaliation claim that is no longer being asserted and allegedly unlawful access to vaccine records
- Paragraph 17 – new allegation that did not appear in original complaint – "Receiving a COVID 19 vaccine would be directly participating in the killing of innocent humans which is in direct conflict with her beliefs."
- Paragraph 24.1 – references failure-to-accommodate claim under "Oregon law" that is no longer being asserted.

EXHIBIT 1
Page 2 of 37

**Sophie Shaddy-Farnsworth** | Attorney
**STOEL RIVES LLP** | 760 SW Ninth Ave, Suite 3000 | Portland, OR 97205
Direct: (503) 294-9495 | Mobile: (907) 830-2898
sophie.shaddy-farnsworth@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

EXHIBIT 1
Page 3 of 37

Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Of Attorneys for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIA IVANOVA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>Defendant. | Case No. 3:24-cv-01254-AB<br><br>FIRST SECOND AMENDED COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, through counsel, comes before the Court to file this Complaint for Damages against the above-named Defendant. In support of this Complaint, Plaintiff alleges as follows:

## INTRODUCTION

This case centers around the Plaintiff, a former employee of Defendant Oregon Health and Science University ("OHSU"), and the unlawful religious or medical discrimination she suffered because of her conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff is a former employee of the Defendant who worked for OHSU remotely, working from her home in Hillsboro, Oregon.

Page 1 – FIRST SECOND AMENDED COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 4 of 37

Defendant is a public corporation incorporated in, and with a principal place of business, in Multnomah County, Oregon. The OHSU Board of Directors, whose members are appointed by the State Senate, governs the university. As a public corporation, it receives state and federal funding.

2.

Plaintiff has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to her by statute. On May 3, 2024, Plaintiff received a 90 day right to sue letter, making her deadline to file suit August 1, 2024. Thus, this lawsuit is timely filed.

3.

In order for an EEOC complaint to put an employer on notice of claims that could impact an entire group of employees, including a plaintiff and other similarly situated individuals, it is not necessary to include class action language or state that the EEOC complaint is on behalf of others similarly situated. *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380–81 (D. Ariz. 2013), *amended in part sub nom. Estrada v. Bashas' Inc.*, CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz., Apr. 1, 2014). Plaintiff reserves the right to assert claims on behalf of a class of similarly situated individuals.

4.

On information and belief, OHSU terminated approximately over 500 religious employees who had submitted religious or medical exemptions from the vaccine mandates and refused to accommodate them in violation of state and federal law. The Plaintiff and other OHSU employees filed multiple similar complaints with the EEOC or the Oregon Bureau of Labor. After receiving just one EEOC complaint, OHSU was on notice that the Plaintiff and other similarly situated employees intended to their claims for wrongful termination due to OHSU's actions, and that those actions could implicate an entire class of similarly situated plaintiffs. The EEOC was also on notice about these complaints and the class wide impact of these claims.

Page 2 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 5 of 37

5.4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

6.5.

As described in greater detail below, Plaintiff worked for an OHSU facility during the COVID-19 pandemic, which began in March of 2020. Plaintiff was an exceptional employee and worked fully remotely from home.

7.6.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

8.7.

Plaintiff held sincere and profound religious belief which prevented her from being able to take the available COVID-19 vaccines. Her religious beliefs were in direct conflict with taking the COVID-19 vaccine.

9.

OHSU discovered that the vast majority of the requested exemptions from the vaccine mandate involved religious exemptions. Over 30 employees working for OHSU submitted religious exemptions. OHSU was aware that its policies regarding whether to accommodate those with religious exemptions would have a profound negative effect on the number of religious individuals working for OHSU who has religious beliefs that prevented them from taking the available COVID-19 vaccines.

10.

After Plaintiff and other similarly situated individuals submitted religious exemptions,

Page 3 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 6 of 37

~~OHSU's agents were aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons.~~

~~11.~~

~~On information and belief, OHSU's agents had religious animus towards the employees with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for OHSU under the pretext that continuing to work in a hospital setting would present a health risk to other employees or employees themselves.~~

~~12.~~8.

OHSU's claims of undue burden are also belied by the fact that OHSU terminated employees who submitted religious exemptions and worked remotely, some even in different states than Oregon.

~~13.~~9.

OHSU not only failed to provide reasonable accommodation to its employees who sought exemptions from the COVID-19 vaccine mandate, it also placed them on unpaid administrative leave for a significant amount of time~~, resulting in a wrongful reduction in pay during the time that religious employees were placed on unpaid leave~~. During this time, OHSU used the financial pressure imposed by its unpaid leave to try to force religious employees to get vaccinated, despite their sincere religious convictions. The time period on unpaid leave often meant that employees could not get a new job because they were still technically employed, even though OHSU quickly cut off most employee benefits.

~~14.~~10.

OHSU retaliated against its employees who were engaged in a lawful process of filing religious exemptions by ignoring the process suggested by the EEOC, which states that sincerity of religious beliefs should be presumed. ~~Instead, OHSU unlawfully accessed vaccination records from all of its employees without their permission and used that information to deny exemptions~~

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 7 of 37

to anyone who had ever received a vaccine as an adult. OHSU did not conduct a follow-up inquiry with the religious employees that had previously taken a vaccine to see if their religious beliefs had changed or whether they had specific religious objections to the COVID-19 vaccines that they did not have when it came to previous vaccines, as the EEOC suggests. Instead, OHSU simply denied the exemptions without further investigation.

15. 11.

When OHSU finally chose to terminate those religious employees who still had not taken the vaccine after weeks of unpaid leave, many employees could not find jobs, because other regional hospitals had enacted similar policies. Religious hospital employees with specialized jobs often had difficulty finding new employment after termination. Some had to move out of state or change professions entirely. OHSU's decision to terminate religious employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

16. 12.

Plaintiff was hired by OHSU in 2020 as a PAS Resource Specialist in the Ambulatory Access Services department. The only time that Plaintiff went to the OHSU campus was on her first day, when she picked up her equipment.  She worked from home full-time with no direct contact with patients or her coworkers.

17. 13.

Plaintiff applied for a religious exemption from the vaccine four times, as the forms kept changing, and she was required to complete new forms. Plaintiff explained to OHSU in her exemption request that she sincerely held religious beliefs that prevent her from obtaining any vaccine, not just the COVID vaccine. She explained that her body belongs to God and is the temple of the Holy Spirit, "Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore, honor God with your bodies" 1 Corinthians 6:19-20. Plaintiff further explained that she had come to understand that the manufacturers of the COVID vaccines used aborted fetal cell

Page 5 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 8 of 37

lines in their testing and development.  Plaintiff's faith and beliefs prohibit the participation in abortion no matter the time of the abortion, and it is against her beliefs to commit a sin. Plaintiff informed OHSU that she had been a devoted Christian since her birth in Bulgaria and as an adult she had developed her religious beliefs with Evangelism and deepened her relationship with God. Plaintiff requested that she be given an exemption from the vaccine and stated that she would always wear a mask and social distance when outside of her home, but that she worked remotely. Plaintiff was placed on unpaid leave on October 19, 2021, and received her exemption denial from OHSU on October 25, 2021. She was subsequently terminated, even though she worked entirely remotely from home.

18.14.

Due to Defendant's unlawful actions, Plaintiff suffered mental and emotional distress, including a great deal of stress and anxiety. Although she was able to obtain other employment with another hospital system, where her religious exemption was accepted and she was allowed to work, the job paid less, and had less generous benefits. Plaintiff has incurred economic damages of at least $215,147.00 and non-economic damages of $450,000.00 or in an amount to be determined at trial.

19.15.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

20.16.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

21.17.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

---

Page 6 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 9 of 37

22.18.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

23.19.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiff's religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's individual wrongful terminations.

24.20.

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

1.  Wrongful Termination. Defendant wrongfully terminated Plaintiff in violation of ORS 695A.030 by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under ORS 695A.030 in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating them as a group to be terminated, violated 695A.030 anti-discrimination prohibition on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption processes for vaccine mandates.

2.  This exemption review process included policies and procedures, including written directives that were communicated to all employees that certain religious exemptions would be denied based on content and viewpoint. For example, OHSU sent out a missive stating that its policy would be to deny any religious exemptions from the available COVID-19 vaccines by any employee who stated that they objected to the vaccines based

Page 7 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 10 of 37

on the fact that those vaccines were developed or manufactured using tissue obtained from aborted babies. It explained that the Pope had concluded that it was religiously acceptable to take the available COVID-19 vaccines despite the fact that they were developed or manufactured with the use of fetal tissue obtained from abortions. Therefore, OHSU declared that anyone who disagreed with the Pope's position would have their religious exemption denied. Consequently, employees with religious beliefs opposing the use of aborted fetal tissue in the development or production of these vaccines faced disparate treatment from other employees with other religious beliefs during the exemption review process.

3. Adverse Impact. Due to religious animus against Christians and due to these discriminatory review policies and procedures which discriminated against employees' religious beliefs based on their religious viewpoint and content, approximately 90% of the religious exemptions submitted by OHSU employees against taking the COVID-19 vaccines were denied. This caused an adverse impact both on the religious employees with specific religious beliefs which prohibited them from taking the vaccine, as well as Christians in general. Most of the employees submitting religious exemptions were from some denomination of Christianity. As a result, OHSU's policies led to a substantial reduction in the number of Christian employees who work there, and led to a complete exclusion and termination of anyone who had religious beliefs in opposition to the COVID-19 vaccines. The number of employees terminated due to OHSU's discriminatory policies was approximately 500 people.

4. Wrongful reduction in pay. Defendant wrongfully reduced the Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of their religion by placing her on unpaid administrative leave after she submitted a religious exemption and prior to termination. This action also constituted constructive termination.

---

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 11 of 37

5. Retaliation. Defendant violated retaliation provisions of ORS 695A.030 by segregating and terminating the Plaintiff and other similarly situated individuals who invoked ORS 695A.030 protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under ORS 695A.030. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation. This is particularly evident when after hundreds of employees had submitted their religious exemptions, OHSU issued a missive (described above) informing most of them that they would have their religious exemptions denied if they raised the issue of the aborted fetal tissue in their religious exemption form. These policies were a retaliatory reaction to the Christians who had pro-life religious beliefs which prevented them from receiving the available COVID-19 vaccines.

6. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs' request for a religious exemption in violation of ORS 695A.030. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiffs and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption. OHSU also did not simply accept the OHA form. OHSU demanded a longer form, and implied that a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. OHSU imposed a significant amount of unnecessary onerous requirements in order to discourage religious employees from completing all of the

Page 9 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 12 of 37

paperwork necessary to obtain an exemption. All these policies, procedures, and practices involving the way OHSU treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

7.  OHSU implemented a company-wide, or systemic, discriminatory pattern or practice in violation of Title VII and ORS 695A.030 which had a disparate negative impact on religious healthcare employees in Oregon. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. This had a significant adverse impact on Christians within OHSU, and due to OHSU's leadership and collusion with other healthcare facilities to implement similar discriminatory policies in Oregon, led to a substantial reduction in the number of Christian healthcare employees working in Oregon during the remainder of the pandemic. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to OHSU's discriminatory policies.

8.  Finally, OHSU's discriminatory animus and lack of an undue burden to accommodate is evident by the fact that OHSU did not care if an employee worked in a hospital or remotely. It denied virtually every religious exemption from the COVID-19 vaccine mandate and terminated most of its remote employees who had requested religious exemptions without even attempting to accommodate them, despite the fact that they posed zero risk of transmitting COVID-19 to OHSU staff or patients.

25.21.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has incurred

Page 10 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 13 of 37

~~economic damages of at least $215,147.00 and non-economic damages of $450,000.00, or an~~
~~amount to be determined at trial. Plaintiff further seeks attorney's fees under ORS 695A.885.~~

~~26.~~22.

**FIRST** ~~SECOND~~ **CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

~~27.~~23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held
religious belief in the tenets of Christianity.

~~28.~~24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19
vaccine mandate.

~~29.~~25.

When Plaintiff requested a religious exception to the Defendant's COVID-19 vaccine
mandate, the Defendant failed to make a good faith effort to recognize and accommodate
Plaintiff's religious beliefs.

~~30.~~26.

Instead of finding reasonable accommodation or set of accommodations for her religious
beliefs, the Defendant engaged in a series of adverse employment actions culminating in
Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religious beliefs
by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

~~31.~~27.

Defendant's violations of Title VII are more specifically described as follows:

Page 11 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 14 of 37

1. Wrongful Termination. Defendant wrongfully terminated the Plaintiff in violation of Title VII of the United States Civil Rights Act by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under Title VII in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group to be terminated, violated Title VII's anti-discrimination prohibition by intentionally and wrongfully denying Plaintiff's religious exemption and/or failing to accommodate the Plaintiff due to discriminatory animus towards Plaintiff's religious beliefs and practices which prohibited Plaintiff from receiving one of the available COVID-19 vaccines on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption process from previous vaccine mandates.

2. This exemption review process included policies and procedures, including written directives that were communicated to all employees that certain religious exemptions would be denied based on content and viewpoint. For example, OHSU sent out a missive stating that its policy would be to deny any religious exemptions from the available COVID-19 vaccines by any employee who stated that they objected to the vaccines based on the fact that those vaccines were developed or manufactured using tissue obtained from aborted babies. It explained that the Pope had concluded that it was religiously acceptable to take the available COVID-19 vaccines despite the fact that they were developed or manufactured with the use of fetal tissue obtained from abortions. Therefore, OHSU declared that anyone who disagreed with the Pope's position would have their religious exemption denied. Consequently, employees with religious beliefs opposing the use of aborted fetal tissue in the development or production of these vaccines faced disparate

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 15 of 37

treatment from other employees with other religious beliefs during the exemption review process.

3.1. Adverse Impact. Due to religious animus against Christians and due to these discriminatory review policies and procedures which discriminated against employees' religious beliefs based on their religious viewpoint and content, approximately 90% of the religious exemptions submitted by OHSU employees against taking the COVID-19 vaccines were denied. While some policies clearly were not facially neutral, OHSU's policies which were not neutral on their face, but in writing communicated clear animus towards religious people who had religious beliefs and practices opposed to taking COVID-19 vaccines used other facially neutral policies to review the religious exemptions that had an adverse impact demonstrated their religious animus by resulting in the wrongful and discriminatory denial of 90% of the religious exemptions for the COVID-19 vaccines. that they did not have to prior vaccines, such as the Influenza vaccine which was not developed or tested with aborted fetal tissue. These exemption denial statistics demonstrate religious animus towards the Plaintiffs in the accommodation process.

4.2. Defendant's actions caused an adverse impact both on the religious employees with specific religious beliefs which prohibited them from taking the vaccine, as well as Christians in general. Most of the employees submitting religious exemptions were from some denomination of Christianity. As a result, OHSU's policies led to a substantial reduction in the number of Christian employees who work there and led to a complete exclusion and termination of anyone who had religious beliefs in opposition to the COVID-19 vaccines. The number of employees terminated due to OHSU's discriminatory policies was approximately 500 people.

5.3. Wrongful reduction in pay. Defendant wrongfully reduced Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of her religion by placing

Page 13 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 16 of 37

~~her on unpaid administrative leave after she submitted a religious exemption and prior to~~
~~termination. This action also constituted constructive termination.~~

~~6.~~4. ~~Retaliation. Defendant violated retaliation provisions of Title VII by segregating and~~
~~terminating the Plaintiff and other similarly situated individuals who invoked Title VII's~~
~~protections in their initial requests for religious exemptions, and then terminating them for~~
~~that invocation of their rights under Title VII. Defendant, by thus identifying each~~
~~individual disfavored employee with sincere religious objection, and separating all as a~~
~~group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of~~
~~retaliation. This is particularly evident when after hundreds of employees had submitted~~
~~their religious exemptions, OHSU issued a missive (described above) informing most of~~
~~them that they would have their exemption denied if they raised the issue of the aborted~~
~~fetal tissue in their religious exemption form. These policies were a retaliatory reaction to~~
~~the Christians who had pro-life religious beliefs which prevented them from receiving the~~
~~available COVID-19 vaccines. This missive was a specific retaliatory act against those who~~
~~exercised their rights to seek exemptions from the COVID-19 vaccine.~~

~~7.~~5. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive
process to reasonably accommodate the Plaintiffs requests for a religious exemption in
violation of Title VII and the corresponding provisions of Oregon law. Even though
Defendant could have simply and safely permitted the Plaintiffs to continue working under
a religious exemption with an N95 mask, weekly testing, remote work, or another
accommodation, Defendant summarily placed Plaintiff and other similarly situated
employees who filed religious exemptions on unpaid administrative leave, regardless of
the nature of their position and the level of risk they may have posed. ~~Defendant did not~~
~~treat Plaintiff like it had treated similarly situated religious employees regarding prior~~
~~vaccine mandates for influenza or other diseases. Previously, employees needed to simply~~
~~check a box to obtain a religious exemption.~~ OHSU also did not simply accept the OHA

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 17 of 37

form. OHSU demanded a longer form, and implied a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. OHSU imposed a significant amount of unnecessary onerous requirements in order to discourage religious employees from completing all of the paperwork necessary to obtain an exemption. All these policies, procedures, and practices involving the way OHSU treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

8.6.OHSU implemented a company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act and ORS 695.030 which had a disparate negative impact on religious employees in Oregon. This policy was applied to a huge number of people within the company, approximately 500 or more. Thus, the discriminatory impact was widespread. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. This had a significant impact on Christians within OHSU, and due to OHSU's leadership and collusion with other healthcare facilities to implement similar discriminatory policies in Oregon, led to a substantial reduction in the number of Christian healthcare employees working in Oregon during the remainder of the pandemic. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to OHSU's discriminatory policies.

9.  Finally, OHSU's discriminatory animus and lack of undue burden to accommodate is evident by the fact that OHSU did not care if an employee worked in the hospital or

Page 15 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 18 of 37

~~remotely. It denied virtually every religious exemption from the COVID-19 mandate and terminated most of its remote employees who had requested religious exemptions without even attempting to accommodate them, despite the fact that they posed zero risk of transmitting COVID-19 to OHSU staff or patients.~~

32.

Plaintiff has incurred economic damages of at least $215,147.00 and non-economic damages of $450,000.00, or an amount to be determined at trial. Plaintiff seeks punitive damages. She also seeks her attorney fees under the provisions of Title VII.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seek the following relief:

1. Judgment in favor of Plaintiff and against Defendant on all claims relevant to her in an amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this ~~1st~~ 22nd day of ~~August~~ October, 2024.


RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
Paul Janzen, OSB No. 176240
caroline@ruggedlaw.com
Of Attorneys for the Plaintiff

Page 16 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 19 of 37

## Dern, Debbie L.

| | |
|---|---|
| **From:** | Shaddy-Farnsworth, Sophie |
| **Sent:** | Monday, November 25, 2024 7:03 PM |
| **To:** | Caroline Janzen; Paul Janzen |
| **Cc:** | Baumgart, Brenda K.; Dern, Debbie L. |
| **Subject:** | Ivanova/OHSU – proposed Second Amended Complaint [SR-ACTIVE.FID5906307] |
| **Attachments:** | RE: Ivanova/OHSU & Thomas/OHSU – proposed amended complaints; Ivanova 2nd Amended Complaint – Final redline PRAJ _SSF edits(126985381.1).docx |

Caroline and Paul,

We've reviewed the proposed SAC in Ivanova that you sent in the attached email.  Attached are our additional changes in redline to the introduction and paragraphs 10 (previously ¶ 14) and 27.5 (previously ¶ 31.7).  The date will also need to be updated.

Please send us a final, cleaned-up version reflecting these changes for our review by  5 pm on Wednesday, November 27.

Thank you,

Sophie

**Sophie Shaddy-Farnsworth** | Attorney
**STOEL RIVES LLP** | 760 SW Ninth Ave, Suite 3000 | Portland, OR 97205
Direct: (503) 294-9495 | Mobile: (907) 830-2898
sophie.shaddy-farnsworth@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

EXHIBIT 1
Page 20 of 37

Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Of Attorneys for Plaintiff

| Field Code Changed |
| --- |

| Formatted: English (United States) |
| --- |
| Formatted: English (United States) |

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIA IVANOVA, an Individual, | Case No. 3.24-cv-01254-AB |
| Plaintiff, | ~~FIRST~~ SECOND AMENDED COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** |
| v. | |
| OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendant. | **JURY TRIAL REQUESTED** |

Plaintiff, through counsel, comes before the Court to file this Complaint for Damages against the above-named Defendant. In support of this Complaint, Plaintiff alleges as follows:

**INTRODUCTION**

This case centers around the Plaintiff, a former employee of Defendant Oregon Health and Science University ("OHSU"), and the unlawful religious ~~or medical~~ discrimination she suffered because of her conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff is a former employee

---

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 21 of 37

of the Defendant who worked for OHSU remotely, working from her home in Hillsboro, Oregon.

Defendant is a public corporation incorporated in, and with a principal place of business, in

Multnomah County, Oregon. The OHSU Board of Directors, whose members are appointed by

the State Senate, governs the university. As a public corporation, it receives state and federal

funding.

2.

Plaintiff has exhausted her administrative remedies through the U.S. Equal Employment

Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to

her by statute. On May 3, 2024, Plaintiff received a 90 day right to sue letter, making her deadline

to file suit August 1, 2024. Thus, this lawsuit is timely filed.

3.

In order for an EEOC complaint to put an employer on notice of claims that could impact

an entire group of employees, including a plaintiff and other similarly situated individuals, it is not

necessary to include class action language or state that the EEOC complaint is on behalf of others

similarly situated. *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380–81 (D. Ariz. 2013), *amended in*

*part sub nom. Estrada v. Bashas' Inc.*, CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz.,

Apr. 1, 2014). Plaintiff reserves the right to assert claims on behalf of a class of similarly situated

individuals.

4.

On information and belief, OHSU terminated approximately over 500 religious employees

who had submitted religious or medical exemptions from the vaccine mandates and refused to

accommodate them in violation of state and federal law. The Plaintiff and other OHSU employees

filed multiple similar complaints with the EEOC or the Oregon Bureau of Labor. After receiving

just one EEOC complaint, OHSU was on notice that the Plaintiff and other similarly situated

employees intended to their claims for wrongful termination due to OHSU's actions, and that

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 22 of 37

those actions could implicate an entire class of similarly situated plaintiffs. The EEOC was also on notice about these complaints and the class wide impact of these claims.

5. 4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

6. 5.

As described in greater detail below, Plaintiff worked for an OHSU facility during the COVID-19 pandemic, which began in March of 2020. Plaintiff was an exceptional employee and worked fully remotely from home.

7. 6.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

8. 7.

Plaintiff held sincere and profound religious belief which prevented her from being able to take the available COVID-19 vaccines. Her religious beliefs were in direct conflict with taking the COVID-19 vaccine.

9.

OHSU discovered that the vast majority of the requested exemptions from the vaccine mandate involved religious exemptions. Over 30 employees working for OHSU submitted religious exemptions. OHSU was aware that its policies regarding whether to accommodate those with religious exemptions would have a profound negative effect on the number of religious individuals working for OHSU who has religious beliefs that prevented them from taking the

Page 3 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1
Page 23 of 37

available COVID-19 vaccines.

10.

After Plaintiff and other similarly situated individuals submitted religious exemptions, OHSU's agents were aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons.

11.

On information and belief, OHSU's agents had religious animus towards the employees with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for OHSU under the pretext that continuing to work in a hospital setting would present a health risk to other employees or employees themselves.

12.8.

OHSU's claims of undue burden are also belied by the fact that OHSU terminated employees who submitted religious exemptions and worked remotely, some even in different states than Oregon.

13.9.

OHSU not only failed to provide reasonable accommodation to its employees who sought exemptions from the COVID-19 vaccine mandate, it also placed them on unpaid administrative leave for a significant amount of time, resulting in a wrongful reduction in pay during the time that religious employees were placed on unpaid leave. During this time, OHSU used the financial pressure imposed by its unpaid leave to try to force religious employees to get vaccinated, despite their sincere religious convictions. The time period on unpaid leave often meant that employees could not get a new job because they were still technically employed, even though OHSU quickly cut off most employee benefits.

14.10.

Page 4 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

126985381.1 0027345-00128

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 24 of 37

~~OHSU retaliated against its employees who were engaged in a lawful process of filing religious exemptions by ignoring the process suggested by the EEOC, which states that sincerity of religious beliefs should be presumed. Instead, OHSU unlawfully accessed vaccination records from all of its employees without their permission and used that information to deny exemptions to anyone who had ever received a vaccine as an adult.~~ OHSU did not conduct a follow-up inquiry with the religious employees that had previously taken a vaccine to see if their religious beliefs had changed or whether they had specific religious objections to the COVID-19 vaccines that they did not have when it came to previous vaccines, as the EEOC suggests. Instead, OHSU simply denied the exemptions without further investigation.

~~15.~~11.

When OHSU finally chose to terminate those religious employees who still had not taken the vaccine after weeks of unpaid leave, many employees could not find jobs, because other regional hospitals had enacted similar policies. Religious hospital employees with specialized jobs often had difficulty finding new employment after termination. Some had to move out of state or change professions entirely. OHSU's decision to terminate religious employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

~~16.~~12.

Plaintiff was hired by OHSU in 2020 as a PAS Resource Specialist in the Ambulatory Access Services department. The only time that Plaintiff went to the OHSU campus was on her first day, when she picked up her equipment.  She worked from home full-time with no direct contact with patients or her coworkers.

~~17.~~13.

Plaintiff applied for a religious exemption from the vaccine four times, as the forms kept changing, and she was required to complete new forms. Plaintiff explained to OHSU in her exemption request that she sincerely held religious beliefs that prevent her from obtaining any

Page 5 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

126985381.1 0027345-00128

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 25 of 37

vaccine, not just the COVID vaccine. She explained that her body belongs to God and is the temple of the Holy Spirit, "Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore, honor God with your bodies" 1 Corinthians 6:19-20. Plaintiff further explained that she had come to understand that the manufacturers of the COVID vaccines used aborted fetal cell lines in their testing and development.  Plaintiff's faith and beliefs prohibit the participation in abortion no matter the time of the abortion, and it is against her beliefs to commit a sin. Plaintiff informed OHSU that she had been a devoted Christian since her birth in Bulgaria and as an adult she had developed her religious beliefs with Evangelism and deepened her relationship with God. Plaintiff requested that she be given an exemption from the vaccine and stated that she would always wear a mask and social distance when outside of her home, but that she worked remotely. Plaintiff was placed on unpaid leave on October 19, 2021, and received her exemption denial from OHSU on October 25, 2021. She was subsequently terminated, even though she worked entirely remotely from home.

18.14.

Due to Defendant's unlawful actions, Plaintiff suffered mental and emotional distress, including a great deal of stress and anxiety. Although she was able to obtain other employment with another hospital system, where her religious exemption was accepted and she was allowed to work, the job paid less, and had less generous benefits. Plaintiff has incurred economic damages of at least $215,147.00 and non-economic damages of $450,000.00 or in an amount to be determined at trial.

19.15.

FIRST CLAIM FOR RELIEF<br>(Unlawful Employment Discrimination Based on Religion<br>in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1<br>Page 26 of 37

20.16.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

21.17.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

22.18.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

23.19.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiff's religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's individual wrongful terminations.

24.20.

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

1.  Wrongful Termination. Defendant wrongfully terminated Plaintiff in violation of ORS 695A.030 by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under ORS 695A.030 in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating them as a group to be terminated, violated 695A.030 anti-discrimination prohibition on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption

EXHIBIT 1
Page 27 of 37

review process during the COVID-19 mandate that was much stricter than any previous religious exemption processes for vaccine mandates.

2. This exemption review process included policies and procedures, including written directives that were communicated to all employees that certain religious exemptions would be denied based on content and viewpoint. For example, OHSU sent out a missive stating that its policy would be to deny any religious exemptions from the available COVID-19 vaccines by any employee who stated that they objected to the vaccines based on the fact that those vaccines were developed or manufactured using tissue obtained from aborted babies. It explained that the Pope had concluded that it was religiously acceptable to take the available COVID-19 vaccines despite the fact that they were developed or manufactured with the use of fetal tissue obtained from abortions.  Therefore, OHSU declared that anyone who disagreed with the Pope's position would have their religious exemption denied. Consequently, employees with religious beliefs opposing the use of aborted fetal tissue in the development or production of these vaccines faced disparate treatment from other employees with other religious beliefs during the exemption review process.

3. Adverse Impact. Due to religious animus against Christians and due to these discriminatory review policies and procedures which discriminated against employees' religious beliefs based on their religious viewpoint and content, approximately 90% of the religious exemptions submitted by OHSU employees against taking the COVID-19 vaccines were denied. This caused an adverse impact both on the religious employees with specific religious beliefs which prohibited them from taking the vaccine, as well as Christians in general. Most of the employees submitting religious exemptions were from some denomination of Christianity. As a result, OHSU's policies led to a substantial reduction in the number of Christian employees who work there, and led to a complete exclusion and

Page 8 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

126985381.1 0027345-00128

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 28 of 37

~~termination of anyone who had religious beliefs in opposition to the COVID-19 vaccines. The number of employees terminated due to OHSU's discriminatory policies was approximately 500 people.~~

~~4. Wrongful reduction in pay. Defendant wrongfully reduced the Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of their religion by placing her on unpaid administrative leave after she submitted a religious exemption and prior to termination. This action also constituted constructive termination.~~

~~5. Retaliation. Defendant violated retaliation provisions of ORS 695A.030 by segregating and terminating the Plaintiff and other similarly situated individuals who invoked ORS 695A.030 protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under ORS 695A.030. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation. This is particularly evident when after hundreds of employees had submitted their religious exemptions, OHSU issued a missive (described above) informing most of them that they would have their religious exemptions denied if they raised the issue of the aborted fetal tissue in their religious exemption form. These policies were a retaliatory reaction to the Christians who had pro-life religious beliefs which prevented them from receiving the available COVID-19 vaccines.~~

~~6. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs' request for a religious exemption in violation of ORS 695A.030. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiffs and other similarly situated employees who filed religious exemptions on unpaid~~

Page 9 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

126985381.1 0027345-00128

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 29 of 37

administrative leave, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption. OHSU also did not simply accept the OHA form. OHSU demanded a longer form, and implied that a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. OHSU imposed a significant amount of unnecessary onerous requirements in order to discourage religious employees from completing all of the paperwork necessary to obtain an exemption. All these policies, procedures, and practices involving the way OHSU treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

7. OHSU implemented a company wide, or systemic, discriminatory pattern or practice in violation of Title VII and ORS 695A.030 which had a disparate negative impact on religious healthcare employees in Oregon. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID 19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. This had a significant adverse impact on Christians within OHSU, and due to OHSU's leadership and collusion with other healthcare facilities to implement similar discriminatory policies in Oregon, led to a substantial reduction in the number of Christian healthcare employees working in Oregon during the remainder of the pandemic. Many employees, particularly those with specialized

Page 10 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

126985381.1 0027345-00128

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 30 of 37

hospital positions, were forced to move to other states or retrain to work in a totally different field due to OHSU's discriminatory policies.

8.  Finally, OHSU's discriminatory animus and lack of an undue burden to accommodate is evident by the fact that OHSU did not care if an employee worked in a hospital or remotely. It denied virtually every religious exemption from the COVID-19 vaccine mandate and terminated most of its remote employees who had requested religious exemptions without even attempting to accommodate them, despite the fact that they posed zero risk of transmitting COVID-19 to OHSU staff or patients.

25.21.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has incurred economic damages of at least $215,147.00 and non-economic damages of $450,000.00, or an amount to be determined at trial. Plaintiff further seeks attorney's fees under ORS 695A.885.

26.22.

**FIRST** ~~SECOND~~ **CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

27.23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

28.24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

29.25.

When Plaintiff requested a religious exception to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate

Page 11 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1
Page 31 of 37

Plaintiff's religious beliefs.

30.26.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religious beliefs by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

31.27.

Defendant's violations of Title VII are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated the Plaintiff in violation of Title VII of the United States Civil Rights Act by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under Title VII in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group to be terminated, violated Title VII's anti-discrimination prohibition by intentionally and wrongfully denying Plaintiff's religious exemption and/or failing to accommodate the Plaintiff due to discriminatory animus towards Plaintiff's religious beliefs and practices which prohibited Plaintiff from receiving one of the available COVID-19 vaccines on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption process from previous vaccine mandates.

2. This exemption review process included policies and procedures, including written directives that were communicated to all employees that certain religious exemptions

---

<table>
<tr><td>Page 12 – <s>FIRST</s> SECOND AMENDED<br>COMPLAINT FOR DAMAGES</td><td style="text-align:center;"><strong>Rugged Law, Inc.</strong><br>4550 SW Hall Blvd<br>Beaverton, Oregon 97005<br>Office: 503-520-9900; Fax: 503-479-7999</td></tr>
</table>

126985381.1 0027345-00128

EXHIBIT 1
Page 32 of 37

would be denied based on content and viewpoint. For example, OHSU sent out a missive stating that its policy would be to deny any religious exemptions from the available COVID-19 vaccines by any employee who stated that they objected to the vaccines based on the fact that those vaccines were developed or manufactured using tissue obtained from aborted babies. It explained that the Pope had concluded that it was religiously acceptable to take the available COVID-19 vaccines despite the fact that they were developed or manufactured with the use of fetal tissue obtained from abortions. Therefore, OHSU declared that anyone who disagreed with the Pope's position would have their religious exemption denied. Consequently, employees with religious beliefs opposing the use of aborted fetal tissue in the development or production of these vaccines faced disparate treatment from other employees with other religious beliefs during the exemption review process.

3.1 Adverse Impact. Due to religious animus against Christians and due to these discriminatory review policies and procedures which discriminated against employees' religious beliefs based on their religious viewpoint and content, approximately 90% of the religious exemptions submitted by OHSU employees against taking the COVID-19 vaccines were denied. While some policies clearly were not facially neutral, OHSU's policies which were not neutral on their face, but in writing communicated clear animus towards religious people who had religious beliefs and practices opposed to taking COVID-19 vaccines used other facially neutral policies to review the religious exemptions that had an adverse impact demonstrated their religious animus by resulting in the wrongful and discriminatory denial of 90% of the religious exemptions for the COVID-19 vaccines. that they did not have to prior vaccines, such as the Influenza vaccine which was not developed or tested with aborted fetal tissue. These exemption denial statistics demonstrate religious animus towards the Plaintiffs in the accommodation process.

Page 13 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1
Page 33 of 37

4.2. Defendant's actions caused an adverse impact both on the religious employees with specific religious beliefs which prohibited them from taking the vaccine, as well as Christians in general. Most of the employees submitting religious exemptions were from some denomination of Christianity. As a result, OHSU's policies led to a substantial reduction in the number of Christian employees who work there and led to a complete exclusion and termination of anyone who had religious beliefs in opposition to the COVID-19 vaccines. The number of employees terminated due to OHSU's discriminatory policies was approximately 500 people.

5.3. Wrongful reduction in pay. Defendant wrongfully reduced Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of her religion by placing her on unpaid administrative leave after she submitted a religious exemption and prior to termination. This action also constituted constructive termination.

6.4. Retaliation. Defendant violated retaliation provisions of Title VII by segregating and terminating the Plaintiff and other similarly situated individuals who invoked Title VII's protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under Title VII. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation. This is particularly evident when after hundreds of employees had submitted their religious exemptions, OHSU issued a missive (described above) informing most of them that they would have their exemption denied if they raised the issue of the aborted fetal tissue in their religious exemption form. These policies were a retaliatory reaction to the Christians who had pro-life religious beliefs which prevented them from receiving the available COVID-19 vaccines. This missive was a specific retaliatory act against those who exercised their rights to seek exemptions from the COVID-19 vaccine.

Page 14 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1
Page 34 of 37

7.5 Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs requests for a religious exemption in violation of Title VII and the corresponding provisions of Oregon law. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiff and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of Plaintiff's their position and the level of risk shethey may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption. OHSU also did not simply accept the OHA form. OHSU demanded a longer form, and implied a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. OHSU imposed a significant amount of unnecessary onerous requirements in order to discourage religious employees from completing all of the paperwork necessary to obtain an exemption. All these policies, procedures, and practices involving the way OHSU treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

8.6 OHSU implemented a company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act and ORS 695.030 which had a disparate negative impact on religious employees in Oregon. This policy was applied to a huge number of people within the company, approximately 500 or more. Thus, the discriminatory impact was widespread. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees

---

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 1
Page 35 of 37

seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. This had a significant impact on Christians within OHSU, and due to OHSU's leadership and collusion with other healthcare facilities to implement similar discriminatory policies in Oregon, led to a substantial reduction in the number of Christian healthcare employees working in Oregon during the remainder of the pandemic. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to OHSU's discriminatory policies.

9. Finally, OHSU's discriminatory animus and lack of undue burden to accommodate is evident by the fact that OHSU did not care if an employee worked in the hospital or remotely. It denied virtually every religious exemption from the COVID-19 mandate and terminated most of its remote employees who had requested religious exemptions without even attempting to accommodate them, despite the fact that they posed zero risk of transmitting COVID-19 to OHSU staff or patients.

32.

Plaintiff has incurred economic damages of at least $215,147.00 and non-economic damages of $450,000.00, or an amount to be determined at trial. Plaintiff seeks punitive damages. She also seeks her attorney fees under the provisions of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seek the following relief:

1. Judgment in favor of Plaintiff and against Defendant on all claims relevant to her in an

Page 16 – FIRST SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1
Page 36 of 37

amount to be determined at trial.

2.  Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3.  Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4.  Any other relief as the Court deems just and equitable.

DATED this ~~1st~~ 22nd day of ~~August~~ October, 2024.

> **Commented [SS1]:** Update.

RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
Paul Janzen, OSB No. 176240
caroline@ruggedlaw.com
Of Attorneys for the Plaintiff

---

Page 17 – ~~FIRST~~ SECOND AMENDED
COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

126985381.1 0027345-00128

EXHIBIT 1
Page 37 of 37

**Dern, Debbie L.**

---

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Wednesday, December 4, 2024 12:10 AM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 3:24-cv-01254-AB Ivanova v. Oregon Health and Science University Response in Opposition to Motion |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Oregon

## Notice of Electronic Filing

The following transaction was entered by Janzen, Paul Robert on 12/4/2024 at 0:09 AM PST and filed on 12/3/2024

**Case Name:**      Ivanova v. Oregon Health and Science University
**Case Number:**      3:24-cv-01254-AB
**Filer:**      Antonia Ivanova
**Document Number:** 20

**Docket Text:**
Response in Opposition to Motion to Strike *and/or Partial Motion to Dismiss* Amended Complaint[13][17]. Filed by All Plaintiffs. (Janzen, Paul Robert)

**3:24-cv-01254-AB Notice has been electronically mailed to:**

Alex Van Rysselberghe    alex.vanrysselberghe@stoel.com, docketclerk@Stoel.com, jen.barrios@stoel.com

Brenda K. Baumgart    brenda.baumgart@stoel.com, docketclerk@stoel.com, kristi.axelson@stoel.com

Caroline Janzen    caroline@ruggedlaw.com, jazmin@ruggedlaw.com, jls@ruggedlaw.com, molly@ruggedlaw.com, notices@ruggedlaw.com, sarah@ruggedlaw.com, zach@ruggedlaw.com

Madeleine Sophie Shaddy-Farnsworth    sophie.shaddy-farnsworth@stoel.com, debbie.dern@stoel.com, docketclerk@stoel.com

EXHIBIT 2
Page 1 of 2

Paul Robert Armstrong Janzen     paul@ruggedlaw.com, 5188856420@filings.docketbird.com, caroline@ruggedlaw.com, jls@ruggedlaw.com, molly@ruggedlaw.com, notices@ruggedlaw.com

Thomas R. Johnson     tom.johnson@stoel.com, docketclerk@stoel.com, jen.barrios@stoel.com

**3:24-cv-01254-AB Notice will <u>not</u> be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=12/4/2024] [FileNumber=8780445-0] [
22dba2b00cd9d8889656239f0f5cf0a0e28b58af2b532377238cdbd8bfa7cb5c0eed6f
a6030545658b948cf58760c46b790dfe24ef826e6453cf06552c6dc31a]]

EXHIBIT 2
Page 2 of 2

| From: | Shaddy-Farnsworth, Sophie |
|---|---|
| To: | Paul Janzen |
| Cc: | Baumgart, Brenda K. |
| Subject: | RE: Activity in Case 3:24-cv-01098-SB Thomas v. Oregon Health and Sciences University Notice [SR-ACTIVE.FID5906307] |
| Date: | Thursday, December 5, 2024 9:20:43 AM |
| Attachments: | image001.png |
| | image003.png |

Hi Paul,

It is plaintiff's obligation to handle this filing.  Please prepare a filing and send it to us for approval before it is submitted to the Court.

Thank you,

Sophie


**Sophie Shaddy-Farnsworth** | Attorney
**STOEL RIVES LLP** | 760 SW Ninth Ave, Suite 3000 | Portland, OR 97205
Direct: (503) 294-9495 | Mobile: (907) 830-2898
sophie.shaddy-farnsworth@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Paul Janzen <paul@ruggedlaw.com>
**Sent:** Wednesday, December 4, 2024 9:52 PM
**To:** Shaddy-Farnsworth, Sophie <sophie.shaddy-farnsworth@stoel.com>
**Subject:** FW: Activity in Case 3:24-cv-01098-SB Thomas v. Oregon Health and Sciences University Notice


Dear Sophie,
Can you file the same thing in the Ivanova case so I can re-file the second amended complaint?

Sincerely,
Paul Janzen
Attorney at Law, OR Bar #176240
Rugged Law, Inc.

Paul Robert Armstrong Janzen, Esq.
503-520-9900
4550 SW Hall Blvd, Beaverton, OR 97005

EXHIBIT 3
Page 1 of 8

This message may contain information protected by the attorney-client privilege. If you have received this message in error, please notify the sender and delete it immediately.

**From:** info@ord.uscourts.gov <info@ord.uscourts.gov>
**Sent:** Tuesday, December 3, 2024 3:31 PM
**To:** nobody@ord.uscourts.gov
**Subject:** Activity in Case 3:24-cv-01098-SB Thomas v. Oregon Health and Sciences University Notice

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Oregon**

**Notice of Electronic Filing**

The following transaction was entered by Shaddy-Farnsworth, Madeleine on 12/3/2024 at 3:30 PM PST and filed on 12/3/2024

| | |
|---|---|
| **Case Name:** | Thomas v. Oregon Health and Sciences University |
| **Case Number:** | 3:24-cv-01098-SB |
| **Filer:** | Oregon Health and Sciences University |
| **Document Number:** | 17 |

**Docket Text:**
Notice re Amended Complaint[16] *Defendant's Consent to Filing of Second Amended Complaint Under FRCP 15(a)(2)* Filed by Oregon Health and Sciences University. (Related document(s): Amended Complaint[16].) (Shaddy-Farnsworth, Madeleine)

**3:24-cv-01098-SB Notice has been electronically mailed to:**

Alex Van Rysselberghe     alex.vanrysselberghe@stoel.com, docketclerk@Stoel.com, jen.barrios@stoel.com

EXHIBIT 3
Page 2 of 8

Brenda K. Baumgart    brenda.baumgart@stoel.com, docketclerk@stoel.com,
kristi.axelson@stoel.com

Caroline Janzen    caroline@ruggedlaw.com, jazmin@ruggedlaw.com,
jls@ruggedlaw.com, molly@ruggedlaw.com, notices@ruggedlaw.com,
sarah@ruggedlaw.com, zach@ruggedlaw.com

Madeleine Sophie Shaddy-Farnsworth    sophie.shaddy-farnsworth@stoel.com,
debbie.dern@stoel.com, docketclerk@stoel.com

Paul Robert Armstrong Janzen    paul@ruggedlaw.com,
5188856420@filings.docketbird.com, caroline@ruggedlaw.com, jls@ruggedlaw.com,
molly@ruggedlaw.com, notices@ruggedlaw.com

Thomas R. Johnson    tom.johnson@stoel.com, docketclerk@stoel.com,
jen.barrios@stoel.com

**3:24-cv-01098-SB Notice will _not_ be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=12/3/2024] [FileNumber=8780059-0] [
2e25fc9c1029ddaaef6ffb0a4a5ec119078570176fa3965c2fb02a71c81b4478e570e4
7c34f5cb087c98a286f6e0c62d5cbe701244dbae48b4333703220657cc]]

EXHIBIT 3
Page 3 of 8

**Dern, Debbie L.**

| | |
|---|---|
| **From:** | Shaddy-Farnsworth, Sophie |
| **Sent:** | Thursday, December 5, 2024 2:40 PM |
| **To:** | Paul Janzen |
| **Cc:** | Caroline Janzen; Baumgart, Brenda K. |
| **Subject:** | RE: JOINT NOTICE OF DEFENDANT'S CONSENT TO FILING OF SAC [SR-ACTIVE.FID5906307] |

Paul,

This is not a joint Notice. To be clear, we do not agree to join any submission by Plaintiff to the Court. Nor do we agree to any representations by Plaintiff regarding when OHSU will respond to Plaintiff's amended pleading. You may represent to the Court that Plaintiff's counsel has conferred with OHSU's counsel about the SAC and OHSU consents to it. Our consent to the filing of the SAC does not moot our pending motion.

Thank you,

Sophie

**Sophie Shaddy-Farnsworth** | Attorney
**STOEL RIVES LLP** | 760 SW Ninth Ave, Suite 3000 | Portland, OR 97205
Direct: (503) 294-9495 | Mobile: (907) 830-2898
sophie.shaddy-farnsworth@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Paul Janzen <paul@ruggedlaw.com>
**Sent:** Thursday, December 5, 2024 12:09 PM
**To:** Shaddy-Farnsworth, Sophie <sophie.shaddy-farnsworth@stoel.com>
**Cc:** Caroline Janzen <caroline@ruggedlaw.com>
**Subject:** JOINT NOTICE OF DEFENDANT'S CONSENT TO FILING OF SAC

Dear Sophie,
Attached is a proposed joint notice of Consent to Filing the SAC. Do I have permission to electronically sign on your behalf and file? I intend to re-file the SAC as soon as I file this.

Sincerely,
Paul Janzen
Attorney at Law, OR Bar #176240
Rugged Law, Inc.
Paul Robert Armstrong Janzen, Esq.
503-520-9900
4550 SW Hall Blvd, Beaverton, OR 97005

EXHIBIT 3
Page 4 of 8

This message may contain information protected by the attorney-client privilege. If you have received this message in error, please notify the sender and delete it immediately.

EXHIBIT 3
Page 5 of 8

Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
RUGGED LAW, INC.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiffs

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIA IVANOVA, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>       Defendants. | **Case No.: 3:24-cv-01254-AB**<br><br>**JOINT NOTICE OF DEFENDANT'S CONSENT TO FILING OF SECOND AMENDED COMPLAINT UNDER FRCP 15(a)(2) [Doc 23]** |

## RESPONSE

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant Oregon Health and Science University ("OHSU") submits this notice of its written consent to Plaintiff's Second Amended Complaint ("SAC") (Dkt. 23) removing all claims except Plaintiff's failure-to-accommodate claim under Title VII of the Civil Rights Act of 1964 ("Title VII"). Rule 15 allows a plaintiff to "amend its pleading . . . with the opposing party's written consent . . . ." Fed. R. Civ. P. 15(a)(2). "Once the adverse party has consented to the amendment of a pleading," the Court need take no further action and "has no control over the matter under Rule 15(a)." Fern v. United

Page 1 – JOINT NOTICE OF DEFENDANT'S
CONSENT TO FILING OF SECOND AMENDED
COMPLAINT UNDER FRCP 15(a)(2) [Doc 23]

**RUGGED LAW, INC.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 3
Page 6 of 8

States, 213 F.2d 674, 677 (9th Cir. 1954); accord Williams v. Perdue, No. C19-0444-JCC, 2020 WL 5996431, at *1 (W.D. Wash. Oct. 9, 2020); Atlas v. Arnold, No. CV 15-01504 RSWL (RAO), 2016 WL 11521727, at *3 (C.D. Cal. Oct. 31, 2016).

Here, per the parties' agreement, Plaintiff is filing herewith as document 23 a SAC removing all claims except Plaintiff's failure-to-accommodate claim under Title VII. Plaintiff's counsel has conferred with OHSU's counsel about the amendment and OHSU consents to it. Defendant will file an Answer to Plaintiff's amended complaint within the time allowed under Rule 15(a)(3).

Because the parties have reached an agreement, the Motion to Strike and Dismiss is now moot.

DATED this 5th day of December, 2024.

Respectfully submitted:

/s/ *Paul Janzen*

Paul Janzen, OSB 176240
paul@ruggedlaw.com
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Attorney for Plaintiffs

/s/ Sophie Shaddy-Farnsworth

BRENDA K. BAUMGART, Bar No. 992160
brenda.baumgart@stoel.com
THOMAS R. JOHNSON, OSB No. 010645
tom.johnson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
Telephone: 503.224.3380
STOEL RIVES LLP
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I served the pleading described above on all counsel of record on the date set forth below, via the Court's CM/ECF filing system.

DATED this 5th day of December, 2024.

Page 2 – JOINT NOTICE OF DEFENDANT'S
CONSENT TO FILING OF SECOND AMENDED
COMPLAINT UNDER FRCP 15(a)(2) [Doc 23]

RUGGED LAW, INC.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 3
Page 7 of 8

Respectfully submitted:

/s/ *Paul Janzen*

Paul Janzen, OSB 176240
paul@ruggedlaw.com
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Of Attorneys for Plaintiffs

Page 3 – JOINT NOTICE OF DEFENDANT'S
CONSENT TO FILING OF SECOND AMENDED
COMPLAINT UNDER FRCP 15(a)(2) [Doc 23]

**RUGGED LAW, INC.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

EXHIBIT 3
Page 8 of 8