IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA KLUS,
an Individual

        Plaintiff,

   v.

LEGACY HEALTH,
a corporation

        Defendant.

Case No. 3:24-cv-01010-AB

NOTICE

---

TRACY SOUTH,
an Individual

        Plaintiff,

   v.

LEGACY HEALTH,
a corporation

        Defendant.

Case No. 3:24-cv-01093-AB

NOTICE

---

///

///

///

1 – NOTICE

| | |
|---|---|
| RACHELLE BURGARD,<br>an Individual | Case No. 3:24-cv-01186-AB |
| Plaintiff, | NOTICE |
| v. | |
| LEGACY HEALTH,<br>a corporation | |
| Defendant. | |

_____

| | |
|---|---|
| ANTONIA IVANOVA,<br>an Individual | Case No. 3:24-cv-01254-AB |
| Plaintiff, | NOTICE |
| v. | |
| OREGON HEALTH AND SCIENCE UNIVERSITY,<br>an independent public corporation | |
| Defendant. | |

_____

| | |
|---|---|
| MARIE BURTNESS,<br>an Individual | Case No. 3:24-cv-01256-AB |
| Plaintiff, | NOTICE |
| v. | |
| LEGACY HEALTH,<br>a corporation | |
| Defendant. | |

_____

///

///

///

2 – NOTICE

MARIA ZAVYALOV,
an Individual

        Plaintiff,

    v.

LEGACY HEALTH,
a corporation

        Defendant.

Case No. 3:25-00198-AB

NOTICE

**BAGGIO, District Judge:**

    The District of Oregon's Local Rule 83-7 requires attorneys to be familiar and comply with the Oregon Rules of Professional Conduct, which, among other things, require lawyers to demonstrate diligence with the legal matters entrusted to them (Rule 1.3), and to dutifully decline or terminate representation where lawyers lack the ability to adequately represent their client (Rule 1.16). A lawyer shall be responsible for another lawyer's violation of these Rules if that lawyer knows or ratifies such conduct (Rule 5.1). A lawyer overseeing nonlawyers must make all reasonable efforts to ensure the nonlawyer's conduct is compatible with the professional obligations of the lawyer (Rule 5.3).

    The Court finds that Caroline Janzen's and Paul Janzen's (collectively, the Janzens) conduct in the cases assigned to the Court has consistently violated these rules by, among other things, failing to adhere to the Federal Rules of Civil Procedure and to the Court's orders and failing to cooperate with opposing counsel, particularly by not meeting discovery obligations and not acting in a way that comports with conferrals with opposing counsel. Most recently, the Janzens failed entirely to appear for two scheduled Rule 16 conferences and failed multiple times to timely respond to emails from the Court regarding scheduling. *South v. Legacy Health*, 3:24-cv-01093-AB, Minutes, March 19, 2025, (Minute Order, "MO", ECF 25); *Burgard v. Legacy*

3 – NOTICE

*Health*, 3:24-cv-01186-AB, Minutes, February 5, 2025, (MO, ECF 19) and Scheduling Order, January 22, 2025, (Scheduling Order, ECF 16) (noting the Janzens' failure "to respond to multiple emails from the Courtroom Deputy"). The Janzens' failure to appear at the two Rule 16 conferences is particularly egregious given that at a hearing on January 22, 2025, Caroline Janzen accepted responsibility for the Janzens' failures to fulfill their professional responsibility and told the Court that, "[w]e are committed to improvement" and "I do understand that the Court requires a certain standard and we do respect that standard very much. We are aggressively curing our deficiencies and I make no excuse for them." *Zavyalov v. Legacy Health*, 3:23-cv-01942-AB, Hearing, January 22, 2025, (Transcript, ECF 33, 13:8–23). Ms. Janzen added that, "we are very serious about curing any defects and frustration that the Court itself would have with us." *Id.*

Because the Janzens continue to violate their professional obligations, which has inconvenienced both the Court and opposing parties and may have caused opposing parties to incur expenses that they would not have absent the Janzens' conduct, the Court gives the Janzens the following notice: Future failures may result in orders to show cause why the Court should not impose compensatory sanctions to reimburse opposing parties under its inherent power or impose sanctions for failure to prosecute and/or follow court orders under Federal Rule of Civil Procedure 41(b). Failure to prosecute includes conduct like failing to appear at scheduled hearing, failing to meet discovery obligations, and failing to meet document filing deadlines.

DATED this  11th  day of April 2025.

AMY M. BAGGIO
United States District Judge

4 – NOTICE